IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 06-cv-02194-WDM-MJW

MARY ANN BOGNER,

    Plaintiff(s),

v.

LIBERTY LIFE ASSURANCE COMPANY, et al.,

    Defendant(s).

_____

**ORDER**
_____

This matter is before me on defendant Liberty Life Assurance Company's (Liberty) Motion Requesting Reconsideration of Notice of Dismissal (doc. no. 67), Motion for Leave to Amend Pleadings (doc. no. 70) and Motion for Leave to File Third-Party Complaint (doc. no. 71). After a review of the pleadings and the parties' written arguments, I conclude oral argument is not required. For the reasons that follow, the motions for reconsideration and for leave to amend pleadings are denied.

Background

This case was originally filed by Plaintiff against three Defendants: Liberty, Land O'Lakes, Inc. (Land O'Lakes) and Land O'Lakes Disability Insurance Plan (Insurance Plan). Plaintiff entered into a settlement with Land O'Lakes and Insurance Plan (Land O'Lakes Defendants) and these parties filed a stipulation and motion to dismiss based

upon their settlement on January 15, 2008 (doc. no. 64).  In that motion, Plaintiff and Land O'Lakes Defendants sought dismissal with prejudice of all claims against Land O'Lakes Defendants and the third claim for relief in its entirety, as that claim was only asserted against the Land O'Lakes Defendants.  Liberty objected to the motion to dismiss because it had not joined in the stipulation as required by Fed. R. Civ. P. 41(a)(1)(ii) (allowing dismissal without court order when plaintiff files a "stipulation of dismissal signed by all parties who have appeared").  Liberty also asserts that dismissal would be unfair because it alleges that Plaintiff's claims against Liberty are premised upon the actions of Land O'Lakes and Liberty should be able to make a cross-claim for indemnity or other potential liability to Liberty.  In furtherance of that position Liberty has filed alternative motions to amend the complaint or file a third-party complaint against Land O'Lakes in the event its dismissal is maintained.

Discussion

Liberty is correct that this court's action in dismissing the claims pursuant to Rule 41(a)(1)(ii) was incorrect because Liberty had not joined in the stipulation.  Indeed, the Plaintiff and Land O'Lakes Defendants did not purport to dismiss pursuant to Rule 41(a)(1) but rather moved to dismiss without reference to Rule 41.  Accordingly, the motion should have been considered pursuant to Rule 41(a)(2) which requires an order "upon such terms and conditions as the court deems proper."  This is an important distinction whose purpose is to prevent voluntary dismissals which unfairly affect the other side.  *County of Santa Fe, NM v. Public Serv. Co. of NM*, 311 F.3d 1031, 1037 (10th Cir. 2002).  In making a decision under Rule 41(a)(2) I should consider any

possible prejudice to insure substantial justice is done after considering the equities of both parties. *Id.* at 1048.

In the context of a case such as this with diverse parties, I must also deal with the simple reality that a plaintiff should be able to settle some of her claims with some of the parties but not all. Until this point this case has concerned only the claims of the Plaintiff and, even though a non-dismissed defendant may prefer some company when being targeted with claims, there would normally be no justification for keeping the settled defendant in the litigation just to provide some comfort to other defendants. *See Broadway & Ninety-Six Street Realty Corporation v. Loew's, Inc.*, 23 FRD 9, 11 (S.D.N.Y. 1958).

At the heart of Liberty's claimed prejudice is an apparent belated desire to make some claim against the Land O'Lakes Defendants. Liberty does not explain why it has taken it almost a year and a half to come to that pleading conclusion, particularly when the Scheduling Order set a deadline for pleading amendments almost a year ago (March 2007). These are not circumstances where the equities weigh in Liberty's favor on the issue of whether dismissal should be permitted pursuant to Rule 41(a)(2). Accordingly, I conclude that the Motion for Reconsideration should be granted only to the extent to correct the rule reference but otherwise denied.

Whether Liberty should be permitted to assert a claim against the Land O'Lakes Defendants at this procedurally late date should be handled independently just as if the dismissal had never occurred. The parties should address the basic questions of whether the Scheduling Order should be modified to permit Liberty to assert a third-

party complaint.

It is therefore ordered:

1. Defendant Liberty's Motion for Reconsideration (doc. no. 69) is denied except to provide that the Order of Dismissal is pursuant to Fed. R. Civ. P. 41(a)(2);

2. The referrals of motions designated as Docket Nos. 70 and 71 are withdrawn.

3. The Motion for Leave to Amend Pleadings (doc. no. 70) is denied; and

4. Plaintiff and Land O'Lakes Defendants shall respond to Liberty's Motion for Leave to File a Third-Party Complaint (doc. no. 71) by February 29, 2008. Liberty may file a reply by March 10, 2008.

DATED at Denver, Colorado, on February 19, 2008.

BY THE COURT:

s/ Walker D. Miller
United States District Judge